IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATON HOLDINGS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0383-BD |
| | § | |
| HILTON APPAREL GROUP, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Tim Cronin has filed a motion to dismiss plaintiff's first amended complaint for lack of personal jurisdiction. For the reasons stated herein, the motion is denied.

I.

This is a civil action brought by Staton Holdings, Inc. ("Staton"), a Texas corporation engaged in the wholesale distribution of sportswear products, against one of its vendors, Hilton Apparel Group ("Hilton"), a Delaware corporation headquartered in Missouri, and its president, Tim Cronin ("Cronin"), a citizen of Illinois. (*See* Not. of Rem. at 2, ¶¶ 6-8). Federal jurisdiction is founded on diversity of citizenship. (*Id.* at 2, ¶ 5). In its amended complaint, Staton alleges that it agreed to purchase Hilton products based on Cronin's express representation that any unsold merchandise could be returned to Hilton. (*See* Plf. First Am. Compl. at 2, ¶ 6). Staton subsequently ordered an unspecified amount of Hilton products on a "sale or return" basis. (*Id.* at 2-3, ¶¶ 6-7). When Staton attempted to return approximately $200,000 of unsold merchandise in October 2006, Hilton refused to accept the return. (*Id.* at 3, ¶ 9).

On January 9, 2007, Staton sued Hilton and Cronin in Texas state court for breach of contract, specific performance, and fraud. After removing the case to federal court, Cronin filed a motion to dismiss for lack of personal jurisdiction.[1] The motion has been fully briefed by the parties and is ripe for determination.

II.

The assumption of personal jurisdiction over a nonresident defendant in a diversity case involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long-arm statute. *See Mink v. AAAA Development LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Second, the exercise of jurisdiction must comport with due process. *Id.* Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the court limits its inquiry to whether the exercise of personal jurisdiction over the nonresident defendant comports with federal constitutional due process requirements. *See Religious Technology Center v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1085 (2004) (citing cases).

The due process requirements for exercising personal jurisdiction over a nonresident defendant focus on whether the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (internal quotations omitted); *see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.), *cert. denied*, 115 S.Ct. 322 (1994). "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th

---

[1] This is the second motion to dismiss filed by Cronin. His first motion, filed on March 8, 2007, was rendered moot when plaintiff filed an amended complaint on March 28, 2007. *See Professional Locate and Recovery, Inc. v. Prime, Inc.*, No. 07-0175-WS-C, 2007 WL 1624792 at *5 (S.D. Ala. Jun. 4, 2007).

Cir. 1993). Specific jurisdiction exists when the contacts with the forum state arise from, or are directly related to, the cause of action. *Wilson*, 20 F.3d at 647. General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Id*. If a nonresident defendant has sufficient minimum contacts with the forum state, the court must consider whether the exercise of personal jurisdiction would be "unfair" and "unreasonable." *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

The plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *See Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). The court can make this determination without an evidentiary hearing based on the complaint, affidavits, and information obtained during discovery. *Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). The uncontroverted allegations in the complaint must be taken as true and any conflicts in the evidence must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

### III.

Staton all but concedes that Cronin does not have the type of "continuous and systematic" contacts with Texas necessary to establish general jurisdiction. Rather, Staton argues that the exercise of specific jurisdiction is proper because Cronin committed a tort in Texas by falsely representing that Hilton would accept the return of any unsold merchandise ordered by Staton, thereby inducing Staton to enter into a business relationship with Hilton. These misrepresentations were allegedly made by Cronin during a face-to-face meeting at Staton's offices in Dallas, Texas, and in subsequent telephone conversations with Staton representatives located in Texas. Cronin counters that: (1) his activities in Texas are insufficient to satisfy the purposeful availment requirement of the due process minimum contacts analysis; (2) specific jurisdiction cannot be

predicated on any false statements made by him on behalf of Hilton; and (3) the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." The court will address each argument in turn.

A.

A federal court may assume specific jurisdiction over a nonresident defendant who "purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999), *quoting Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958). To determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Construction Corp. v. Adams Co. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996), *citing Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Electrosource*, 176 F.3d at 871-72, *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The contacts with the forum state must be such that "it is foreseeable that the defendant 'should reasonably anticipate being haled into court there.'" *Id.* at 872, *quoting World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). In making this determination, the court may consider: (1) the quality, nature, and extent of defendant's activities in the forum state; (2) the foreseeability of consequences within the forum from activities outside the state; and (3) the relationship between the cause of action and the defendant's contacts. *Hydrokinetics, Inc. v. Alaska*

*Mechanical, Inc.*, 700 F.2d 1026, 1028 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 2180 (1984), *quoting Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1268 (5th Cir. 1981).

B.

Staton maintains that Cronin is subject to personal jurisdiction in Texas because he committed a tort in this state. In its first amended complaint, Staton alleges, *inter alia*, that:

> At Staton's office in Dallas, Texas near the end of 2005, the parties met to discuss agreements regarding business between the parties. At that meeting, and in subsequent meetings and over the telephone, the topic of year end returns was discussed. Plaintiff Staton made it clear at that meeting and at all times subsequent that Staton would not purchase Hilton product unless it could return unsold product. Defendant Tim Cronin agreed to Staton's right to return Hilton product, and based on his agreement, Staton proceeded forward and ordered Hilton product. This agreement was never withdrawn, qualified, or restricted in any manner by Defendant Hilton, any Hilton representative, or Defendant Cronin. Upon information and belief, Defendant Cronin did not ever intend to accept return of Hilton product or made the statement without regard as to whether product returns would be accepted and made the statement to induce Plaintiff to purchase Hilton product.

(*See* Plf. First Am. Compl. at 2, ¶ 6; *see also id.* at 4-5, ¶ 15). Although Cronin vehemently denies engaging in any fraudulent conduct, he admits traveling to Staton's offices in Texas and discussing Hilton's return policy with Staton representatives in subsequent telephone conversations. (*See* Cronin Mot. App. at 6-7, ¶¶ 16-27). Thus, the question squarely presented is whether Cronin's contacts with Texas, related to Staton's fraud allegations, satisfy the purposeful availment requirement of the due process minimum contacts inquiry.

In *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005), a divided Texas Supreme Court held that the purposeful availment requirement was not necessarily established by allegations or evidence that a nonresident committed a tort during a single telephone conversation initiated by a Texas resident. More broadly, the court rejected personal jurisdiction based on the

alleged effects of a tort, as opposed to where the defendant had contacts relating to the transaction and events at issue. The court noted that the due process minimum contacts analysis focuses exclusively on the actions and reasonable expectations of the defendant. By focusing on where the defendant allegedly directed a tort, the jurisdictional inquiry incorrectly emphasizes the relationship among the *plaintiff*, the forum, and the litigation, rather than the relationship among the *defendant*, the forum, and the litigation. *Id.* at 790. The court also observed that looking at where the effect of an alleged tort was directed, as opposed to the defendant's contacts with the forum relating to the subject matter of the litigation, conflates the jurisdictional inquiry with the merits of the underlying action and would allow a nonresident to defeat personal jurisdiction by proving there was no tort. *Id.* Finally, the court discussed the incongruity of allowing the plaintiff to determine the outcome of the jurisdictional inquiry by suing in tort rather than contract. According to the court, whether a defendant purposefully avails himself of the benefits of the laws of the forum state should not depend "on the form of claim selected by the *plaintiff*." *Id.* at 791 (emphasis in original).

The court initially questions the precedential value of *Holten*. While this court should defer to the interpretation of Texas law by a Texas court, the *Holten* decision turns on a matter of federal constitutional law, not state law. Indeed, the *Holten* majority recognized that "[a]llegations that a tort was committed in Texas satisfy the Texas Long-Arm Statute[.]" *Id.* at 788, *citing* Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2).[2] The court went on to analyze the second prong of the

---

[2] The Texas Long-Arm Statute provides, in pertinent part:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
>
> \* \* \* \*
>
> (2)     commits a tort in whole or in part in this state[.]

Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2) (Vernon 1997).

jurisdictional inquiry--whether the exercise of personal jurisdiction satisfied the requirements of due process. To the extent *Holten* attempts to rewrite more than 25 years of Fifth Circuit jurisprudence, which holds that a single communication by a nonresident defendant aimed at the forum state is enough to satisfy the purposeful availment requirement of the due process minimum contacts inquiry where the content of the communication gives rise to a claim of fraud, the court declines to follow *Holten*. *See, e.g. FCA Investments Co. v. Baycorp Holdings, Ltd.*, 48 Fed.Appx. 480, 2002 WL 31049442 at *2 (5th Cir. Aug. 29, 2002) (nonresident defendant had sufficient minimum contacts with forum state to support the exercise of personal jurisdiction with respect to fraud claim where representative of defendant placed telephone call to plaintiff in Texas, sent documents to plaintiff in Texas, and attended meeting in Texas); *Lewis v. Frense*, 252 F.3d 352, 358 (5th Cir. 2001) ("A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."); *Wien Air Alaska,* 195 F.3d at 213 ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332-33 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1275 (1983) (single telephone call initiated by nonresident defendant held sufficient to support the exercise of personal jurisdiction); *Phoenix Mining & Mineral, L.L.C. v. Treasury Oil Corp.*, No. 5-06-CV-58, 2007 WL 951866 at *5 (S.D. Tex. Mar. 28, 2007) (emails sent by nonresident defendant to plaintiff in Texas held sufficient to establish personal jurisdiction); *TransFirst Holdings, Inc. v. Phillips*, No. 3-06-CV-2303-P, 2007 WL 631276 at *4 (N.D. Tex. Mar. 1, 2007) (false representations in legal documents, emails, letters, and phone calls directed towards plaintiff's home office in Texas constituted sufficient minimum contacts to support the exercise of specific jurisdiction over defendant); *Kennard v. Indianapolis Life Ins. Co.*, No. 3-05-CV-1247-G, 2006 WL 3438653 at *3-4 (N.D. Tex. Nov. 13, 2006) (single letter containing false representations

sent to Texas resident held sufficient to support exercise of personal jurisdiction over nonresident defendant in case alleging fraud, civil conspiracy, and violations of DTPA); *Fowler v. Broussard*, No. 3-00-CV-1878-D, 2001 WL 184237 at *5 (N.D. Tex. Jan. 22, 2001) (misrepresentations to plaintiff in Texas relating to an agreement made the basis of the subject litigation held sufficient to support the exercise of specific jurisdiction over defendant).  *But see Marie-Paule Renoir v. Hantman's Associates, Inc.*, No. H-05-4152, 2006 WL 1007481 at *8 (S.D. Tex. Apr. 18, 2006), *aff'd*, No. 06-20442, 2007 WL 954321 (5th Cir. Mar. 27, 2007) (negotiations conducted by phone and in one-day visit to Texas to resolve discrepancies between contract description and actual goods were insufficient to support the exercise of personal jurisdiction over defendant where parties contemplated only a one-time sale rather than a long-term relationship).

Moreover, even if the court follows *Holten*, the facts of that case are distinguishable.  *Holten* involved the sale of a $64,000 motor home by the defendant, a factory outlet store that did business only in Indiana, to plaintiff, a Texas resident.  The plaintiff initiated the transaction by placing a telephone call to the defendant in Indiana, sent his payment to Indiana, accepted delivery of the motor home from Indiana, and agreed to resolve any disputes in Indiana.  The sole basis for jurisdiction in Texas was a false statement allegedly made by the defendant in Indiana during a single phone call.  *Id.* at 781, 784.  By contrast, the evidence in the instant case shows that Cronin traveled to Texas to meet with Staton representatives about purchasing Hilton merchandise.  According to Edward Staton, who was present at the meeting, "Tim Cronin agreed to Staton's unqualified right to return Hilton product, and based on his agreement, which was never contradicted or withdrawn by him or anyone on behalf of him or [ ] Hilton, we proceeded forward and ordered a shipment of Hilton Product in the amount of $241,960.98."  (Plf. Resp. App. at 3, ¶ 4).  Cronin admits traveling to Texas for this meeting and having subsequent telephone conversations with

Edward Staton "concerning the business relationship between Hilton Apparel Group and Staton Holdings, Inc." (*See* Cronin Mot. App. at 6-7, ¶¶ 14, 16-17).[3] Unlike the defendant in *Holten*, Cronin's contacts with Texas were not the result of a single, unilateral activity initiated by the plaintiff related to an isolated transaction. Rather, the facts of this case are more akin to those involving sellers who "reach out beyond one state and create continuing relationships and obligations with citizens of another state." *Rudzewicz*, 105 S.Ct. at 2182. Most significantly, the nonresident defendant in *Holten* allegedly made false representations while *in Indiana*, whereas Cronin allegedly made false statements during a meeting held *in Texas*. These facts, viewed in the light most favorable to Staton, are sufficient to support the exercise of specific jurisdiction over Cronin.

C.

Nor can Cronin defeat specific jurisdiction by claiming that all of his communications with Staton were made in his capacity as an officer of Hilton Apparel Group. Under the fiduciary shield doctrine, "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation." *Frosty Bites, Inc. v. Dippin' Dots, Inc.*, No. 3-01-CV-1532-M, 2002 WL 1359704 at *3 (N.D. Tex. Jun. 20, 2002) (Kaplan, J.), *citing Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). However, the doctrine does not protect a corporate officer who engages in tortious activity, even if the wrongful acts were performed within the scope of employment as a corporate officer. *Stuart*, 772 F.2d at 1197; *see also Phoenix Mining & Mineral,* 2007 WL 951866 at *4. Thus, the fiduciary shield doctrine is inapplicable.

---

[3] Cronin also acknowledges traveling to Texas three to four times a year over the past 10 years for business purposes. (*See* Cronin Mot. App. at 5, ¶ 9). Although this evidence may bear on the issue of general jurisdiction, it has little relevance to the issue of specific jurisdiction.

D.

Finally, Cronin argues that the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." Where, as here, minimum contacts are established, a nonresident defendant must make a "compelling case" against the exercise of personal jurisdiction. *See Wien Air Alaska*, 195 F.3d at 215, *citing Rudzewicz*, 105 S.Ct. at 2185. Among the relevant factors to be considered by the court in making this determination are: (1) the burden on the defendant in having to litigate in the forum; (2) the plaintiff's interests in convenient and effective relief; (3) the forum state's interest in the lawsuit; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. *Id.*, *citing Ruston Gas Turbines*, 9 F.3d at 421.

Cronin has failed to make a "compelling case" against the exercise of personal jurisdiction. His only arguments are that it would be unduly burdensome for him to litigate the case in Texas, that Staton can obtain full relief from Hilton if it prevails on its breach of contract claim, and that all states share a fundamental interest in not haling citizens of other states into their courts. (*See* Cronin Mot. at 7-8). That Staton may be able to recover damages for breach of contract all but ignores its fraud claim. The other objections raised by Cronin are conclusory in nature and common to virtually every case involving a nonresident defendant. Without more, the court is unable to conclude that it would be "unfair" or "unreasonable" to assert specific jurisdiction over Cronin. *See Wien Air Alaska*, 195 F.3d at 215 ("If a cause of action for fraud committed against a resident of the forum is directly related to the tortious activities that give rise to personal jurisdiction, an exercise of jurisdiction likely comports with the due process clause, given the obvious interests of the plaintiff and the forum state.").

## **CONCLUSION**

Defendant Tim Cronin's motion to dismiss plaintiff's first amended complaint for lack of personal jurisdiction [Doc. #19] is denied.

SO ORDERED.

DATED: July 5, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE